```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA <u>ex</u>   )
<u>rel.</u> WILLIAM VERRINDER,          )
                                    )
          Plaintiff,                )
                                    )
     v.                             )  C.A. No. 13-11147-PBS
                                    )
WAL-MART CORPORATION, et al.,       )
                                    )
          Defendants.               )
                                    )

**MEMORANDUM AND ORDER**

March 3, 2015

Saris, C.J.

## I. Introduction

This is a <u>qui tam</u> case in which the pro se relator, William Verrinder, alleges that national stores operating pharmacies (Wal-Mart Stores Incorporated ("Walmart"), Sears Holding Corporation ("Sears"), and Rite-Aid Corporation ("Rite-Aid")), violated the False Claims Act, 31 U.S.C. § § 3729 <u>et seq.</u> ("FCA"), by seeking reimbursement from Medicare/Medicaid for prescription drugs that (1) are labeled with incorrect expiration dates; and/or (2) will expire before the patient can consume the medication according to the prescribing physician's directions. In the amended complaint (#20), Verrinder alleges that venue is proper in the District of Massachusetts because Walmart and Rite-Aid conduct business and the acts complained of occurred in Massachusetts. Verrinder also represents that he worked as a pharmacist for Walmart and Sears.

Verrinder resides in Maine and originally filed the action

in April 2013 in the District of Maine.  Soon thereafter, it was transferred to this District.  In March 2014, the government declined to intervene in the case (#24).  Summonses issued shortly afterwards as to all defendants, but they have not been served.

Verrinder represents that he is an attorney and that he is licensed to practice in the United States District Court for the District of Nebraska.  He is not admitted to practice in Massachusetts.  In July 2014, Verrinder filed a motion (#31) to (1) further amend the complaint; (2) unseal documents filed by the government so he can use them to file an amended complaint; and (3) appoint local pro bono counsel so that he may appear pro hac vice or to transfer the case to the District of Nebraska where he is licensed to practice.

In support of the proposed amendment of the complaint, he states that he would like to "narrow the geographic of some of the claims to the stores and districts where the relator worked, while maintaining the claims that are national in nature." Motion to Amend (#31) at 2.  Verrinder also represents that the proposed amended complaint would "clarify the 31 U.S.C. § 3729 claims regarding conspiracy to defraud the government."  Id.  He also states that he would "like to add a claim under 31 U.S.C. § 3730(h), relief from retaliatory actions."  With respect to the alleged retaliation, Verrinder claims that Walmart policy prohibited him from correcting expiration dates on prescription drugs and that management was alerted any time an employee

corrected the expiration date. He does not describe the manner in which he was retaliated against for making these changes. Finally, the relator asserts that the unsealing of government documents would assist him in the preparation of an amended complaint.

The government opposes the motion (#32) to the extent that Verrinder seeks unsealing of government documents, appointment of counsel, or transfer of the case to the District of Nebraska. In his reply to the government's opposition (#33), Verrinder claims that the government has prevented him from obtaining counsel by making false or misleading statement to members of the local bar about the law and medical science upon which the qui tam claims rest. He also asserts that transferring the case to the District of Nebraska pursuant to 28 U.S.C. § 1404(a), which allows for a change of venue for "the convenience of parties and witnesses," 28 U.S.C. § 1404(a), is appropriate because (1) two defendants "would be close to their corporate homes and would be where they have a considerable marketshare of customers, and thus favorable jurors"; (2) the transfer would "decrease legal expenses" for two of the defendants; and (3) "[c]orporate witnesses for two of the most prominent defendants are located closer to Nebraska than to Boston." Reply (#33) at 10.

## II. Discussion

The FCA permits either the Attorney General or a private party to bring a civil action alleging fraud on the government. See 31 U.S.C. § 3730(a), (b). A private enforcement action under the FCA is a qui tam action and the private party is referred to

3

as the "relator." See United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 932 (2009).[1] Even if the relator has not been personally injured by the defendant's action, the relator normally possesses standing because he or she sues "as partial assignees of the United States' claims against the defendant." United Seniors Ass'n, 500 F.3d at 24. However, "the government remains the 'real party in interest' in a qui tam prosecution." Id. (quoting Karvelas, 360 F.3d at 231); accord United States v. Quest Diagnostics Inc., 734 F.3d 154, 166 (2d Cir. 2013); Stalley v. Methodist Healthcare, 517 F.3d 911, 917 (6th Cir. 2008); Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008) (per curiam); Stoner v. Santa Clra County Office of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007).

Because a relator pursues claims for which the United States is the real party in interest, he cannot proceed pro se. Under federal law, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). This statute provides a personal right that does not

---

[1] A qui tam action is "strictly a creature of statute." See United Senior Ass'n, Inc. v. Philip Morris USA, 500 F.3d 19, 23 (1st Cir. 2007) (citing Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 776 (2000)). The phrase "qui tam' is an abbreviation for "qui tam pro domino rege quam pro seipso," which literally means "he who as much for the king as for himself." United Seniors Ass'n, 500 F.3d at 24 (quoting United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 224 n.5 (1st Cir. 2004), abrogated on other grounds by Allison Engine Co., Inc. v. United States ex rel. Sanders, 553 U.S. 661 (2008)).

extend to the representation of others.  "Although the partial assignment allows the relator asserting the government's injury to satisfy the requirements of Article III standing, it does not transform a qui tam action into the relator's 'own case' for purposes of [28 U.S.C.] § 1654," and the FCA does not otherwise provide for a relator to proceed pro se.  Stoner, 502 F.3d at 1126.  To maintain a suit on behalf of the government, the Seventh Circuit has held that a relator has to be either licensed as a lawyer or represented by a lawyer.  See Georgakis v. Illinois State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013).  However, the attorney must be admitted to practice in this Court under the local rules.  See Nasuti v. Savage Farms, Inc., C.A. No. 12-30121-GAO, 2014 WL 1327015 (D. Mass. Mar. 27, 2014); see also United States ex rel. Mergent Services v. Flaherty, 540 F.3d 89, 93 (2d Cir. 2008); Timson, 518 F.3d at 873-74; United States v. Onan, 190 F.2d 1, 6-7 (8th Cir. 1951).

Thus, the question is whether Verrinder, who is a lawyer but not admitted to practice in this Court, can proceed.[2]  Relator has requested appointment of counsel.  In some cases, the Court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil

---

[2]To the extent that Verrinder seeks to amend the complaint to add a retaliation claim under 31 U.S.C. § 3730(h), this would only allow him to represent himself in regard to such claim.

5

cases. To qualify for appointment of pro bono counsel, the Court considers whether a party is indigent and whether exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers, 949 F.2d at 23. In light of the fact that the government has declined to intervene and relator is himself a lawyer, the Court declines appointment of pro bono counsel.

### III. Conclusion

In light of the foregoing, the Court hereby orders that:

1. The motion (#31) to amend or transfer this action is DENIED WITHOUT PREJUDICE; the motion (#31) is DENIED with respect to the request to appoint local counsel.

2. The motion (#30) to unseal documents is DENIED WITHOUT PREJUDICE.

3. The motion (#34) to compel is DENIED.

4. This case shall be dismissed without prejudice unless, within 30 days of the date of this order, the relator (1) retains local counsel and files a motion to appear pro hac vice; or (2) retains counsel for all purposes.

SO ORDERED.

 3/3/2015                         /s/ Patti B. Saris
DATE                              PATTI B. SARIS
                                  Chief, U.S. District Judge